IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ERRICK DEVON MATHIS, #16052114,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO. 3:18-CV-1972-K-BK** |
| § | |
| **SHERIFF MARIAN BROWN, et al.,** § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States Magistrate Judge for judicial screening. Plaintiff Errick Devon Mathis ("Mathis") filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Doc. 3. The Court granted his motion to proceed *in forma pauperis*, but did not issue process. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED**.

**I.    BACKGROUND**

This civil action arises out of Mathis' pending state prosecution for the misdemeanor offense of indecent exposure in Dallas County case number M17-18892. Doc. 3 at 7. Mathis is also charged in Dallas County with the felony offenses of aggravated robbery (case number F16-76388) and robbery (case number F16-58442), for which he is also awaiting trial. Mathis is represented by court-appointed counsel in his state criminal cases and is a pretrial detainee in the Dallas County Jail.[1]

---

[1] The criminal case docket sheets are available on the Dallas County website at http://courtecom.dallascounty.org/publicaccess/ (last accessed Sept. 12, 2018).

Mathis, proceeding *pro se*, names as Defendants Dallas County Sheriff Marian Brown, former Sheriff Lupe Valdez, Medical Directors Drs. Ahmed and Chris Barry, and the unidentified "accuser" in case number M17-18892.  Doc. 3 at 3.  The allegations are difficult to decipher.  However, as best the Court can glean from the complaint, Mathis alleges that, while in his jail cell, he is repeatedly denied the right to privacy—"bodily" and "informational"—guaranteed by the United States Constitution.  Doc. 3 at 5, 7-8, 10, 12.  Mathis generally cites the First, Fourth, Fifth, Eighth, and Fourteenth Amendments in support of his allegations.  Doc. 3 at 3.  Specifically, he complains that female guards should be required to "knock and announce . . . before entering places where inmate [sic] are likely to be in a state of undress."  Doc. 3 at 5, 7.  He avers that toilet and shower areas do not offer any type of cover or curtain and that any female guard or medical staff can easily see naked inmates in the shower.  Doc. 3 at 10.  He also contends that the jail's suicide watch policy, which requires him to wear only a tissue-paper apron/smock while sleeping, forces the male inmates "to overly expose themselves . . . in the presence of many female staff."  Doc. 3 at 7-8.  Additionally, Mathis asserts that prison staff deliver private medical and legal information to the inmates' cell doors, permitting it to be easily seen or overheard by other inmates.  Doc. 3 at 10.

Finally, he contends that because he was found guilty of indecent exposure in 2017 in a prison disciplinary proceeding, the pending state misdemeanor charge for indecent exposure violates the Double Jeopardy Clause.  Doc. 3 at 7.  Mathis requests compensatory and punitive damages, as well as dismissal of the indecent exposure charge.  Doc. 3 at 5.

## II. ANALYSIS

### A. Request for Dismissal of State Criminal Charge

The Court must first examine the threshold question of whether it has subject matter jurisdiction in this case. It is an issue of paramount concern that should be addressed, *sua sponte* if necessary, at any time throughout the proceedings. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (stating that a "federal court may raise subject matter jurisdiction *sua sponte*"); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As is relevant here, the *Younger* abstention doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 41 (1971). For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

The *Younger* abstention requirements are met in this case where Mathis seeks an order of this Court dismissing his pending state criminal proceeding. What Mathis requests this Court to do is "precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court

3

must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). It is apropos that the state has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Also, Mathis can raise his claims -- including his double jeopardy challenge -- in the state trial court where, importantly, he is represented by counsel. Finally, this case does not fall within the very narrow category of "extraordinary" cases in which federal injunctive relief against a pending state prosecution would be warranted. *See Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).

In sum, because Mathis cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising jurisdiction over his challenge of the State's prosecution of him for indecent exposure in Dallas County case number M17-18892. *See Boyd*, 575 F. App'x at 519 (dismissing under the *Younger* abstention doctrine injunctive relief claims by pretrial detainee relating to his pending criminal prosecution).

### B. Requests for Monetary Damages

Next, the Court addresses Mathis' requests for compensatory and punitive damages. The *Younger* abstention doctrine is not applicable to a claim for damages. *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (per curiam)). However, "[e]ven if *Younger* applies [to other requests for relief], the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Id.* That notwithstanding, "a stay is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915." *Id.* at 519-20. In this instance, the claims for which Mathis seeks damages are subject to summary dismissal under section 1915(e)(2)(B).

Specifically, section 1915(e)(2)(B) provides for the *sua sponte* dismissal of a complaint if the court finds that, *inter alia*, it (1) is frivolous or malicious, or (2) fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A(b). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court liberally construes Mathis' filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, his claims for damages should be dismissed as frivolous and for failure to state a claim.

### 1. Constitutional right to bodily privacy

Mathis' allegations that female prison guards can view him in his cell using the bathroom, taking showers, and sleeping in only a tissue-paper apron, even if true, implicate no protected constitutional right. Contrary to Mathis' assertions, prisoners retain only a minimal right to privacy, including the right to bodily privacy. *See Oliver v. Scott,* 276 F.3d 736, 744-45 (5th Cir. 2002). The United States Court of Appeals for the Fifth Circuit has held that placing female officers in restroom and shower areas or otherwise permitting security surveillance does not violate the constitutional rights of male prisoners. *See, e.g., Oliver,* 276 F.3d at 746 and n. 17 (citing *Barnett v. Collins*, 940 F.2d 1530 (5th Cir. 1991) (table) (unpublished) (holding that no constitutional violation occurs when naked male inmates are viewed by female guards if the

presence of female guards is required to protect a legitimate government interest such as maintaining security at a correctional facility)).  In *Petty v. Johnson,* 193 F.3d 518 (5th Cir. Aug. 25, 1999) (table) (unpublished per curiam), the Fifth Circuit Court of Appeals rejected a challenge to a policy of allowing female guards to be present for security reasons when male inmates were showering or otherwise naked.  Moreover, in *West v. Parker*, 68 F.3d 466 (5th Cir. Aug. 23, 1995) (table) (per curiam), the Court found "no basis for [a plaintiff's] claim of a constitutional violation due to the presence of a female guard in his dormitory" with clear view of the shower, urinal, and commodes.  *See also Letcher v. Turner,* 968 F.2d 508, 510 (5th Cir. 1992) (per curiam) (holding that presence of female guards during strip searches did not amount to a constitutional violation of a prisoner's privacy rights and citing with approval *Barnett,* 940 F.2d at 1530, which "upheld the use of female guards in guard towers giving a full view of male inmates taking showers").

     Mathis appears to premise his claim on the fact that the Michigan Department of Corrections entered into a settlement agreement that provided female prisoners with additional privacy protections, including requiring male officers to "knock and announce" before entering places where female prisoners are likely to be in a state of undress.  Doc. 3 at 7; Doc. 3 at 12 (citing *Everson v. Michigan Dep't of Corrections*, 391 F.3d 737, 743-44 (6th Cir. 2004).  However, Mathis does not cite any authority providing such protections to male prisoners, and the Court has found none.  Moreover, the settlement agreement does not trump the law of this circuit—that no constitutional violation results from cross-gender exposure of inmates related to a legitimate penal purpose.  Thus, Mathis' claims for damages based on violations of his constitutional privacy rights fail as a matter of law.

6

### 2. Constitutional right to informational privacy

Mathis also generally complains of the denial of "informational" privacy. However, he does not refer to a specific incident in which his right to privacy was violated; he merely states that prison staff deliver to cell doors private medical and legal information, which can be seen or overheard by other inmates. Doc. 3 at 10. The Fifth Circuit has held that civil rights claimants must "state specific facts, not merely conclusory allegations." *Brinkmann v. Johnston,* 793 F.2d 111, 113 (5th Cir. 1986) (per curiam); *see also Baker v. Putnal,* 75 F.3d 190, 195 (5th Cir. 1996) (finding that Section 1983 actions against individual governmental officials require "claims of specific conduct and action giving rise to a constitutional violation," not merely conclusory assertions). Mathis has failed to do so here, thus, he has failed to state a claim to relief that is plausible on its face.

### III.   LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Mathis clearly establish a lack of jurisdiction over his claims related to the pending criminal proceeding. In addition, his claims for damages are fatally infirm. Thus, granting leave to amend under these circumstances would be futile and cause needless delay.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's claims seeking to dismiss the pending state court misdemeanor charge in case number M17-18892 should be **DISMISSED WITHOUT PREJUDICE** as barred by the *Younger* abstention doctrine; and his remaining claims for damages premised on purported violations of his rights to privacy should be summarily

7

**DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This case should then be closed.

**SO RECOMMENDED** on September 20, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).